COMMONWEALTH of Kentucky DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Jennie STATON, Widow, Ashland Oil & Re-
fining Co., Lessee, Appellees.

Court of Appeals of Kentucky.

Dec. 3, 1965.

Robert E. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Edmond H. Tackett, Pikeville, for appellant.

Kelsey E. Friend, Pikeville, John L. Ashworth, Ashland, for appellees.

DAVIS, Commissioner.

In this highway condemnation case the appellee, Jennie Staton, was awarded $4250 pursuant to the jury's verdict. The Department of Highways, appellant, presents three grounds for reversal: (1) The court erred in refusing to strike the testimony of an appraisal witness for appellee; (2) the court erred in admitting incompetent evidence; (3) the court erred in taking judicial notice of the qualifications of an appraisal witness for appellee.

The record in this appeal is vague and unsatisfactory with respect to the total acreage in the tract before the taking, the situation existing after the taking, and the extent of accessibility to various portions of the original boundary—both before and after the taking.

Accepting as accurate the statement in appellant's brief, the taking was of 5.8 acres of hill land, of which about two acres was sloping hill and 3.8 acres was steep hill. Two small outbuildings were taken and the twenty acre tract was split by the taking. However, according to the appellant, the appellee still had access to all of her land after the taking. The four room residence was not taken.

Four appraisal witnesses testified—two for the appellant and two for the appellee. Three of them placed the before value of the property at $19,500; the other, appellee's witness, estimated the before value at $18,700. For appellant the after value was fixed at $17,650 by one witness and at $18,200 by the other. Thus, in the judgment of the appellant's witnesses, the difference in before and after values ranged from $1300 to $1350. The two witnesses for appellee expressed opinions that the after value was between $12,500 and $13,150; their differences in before and after values ranged from $5500 to $7000. As noted, the verdict was $4250.

■ Howard Newsome was an appraisal witness for appellee. He gave facts indicating his qualifications as an appraisal witness, and expressed the view that the property was worth $18,700 before the taking and $13,150 afterward—a difference of $5500. On cross examination counsel for appellant asked witness Newsome "* * * how did you break that $5500 down?" In response to that inquiry, the witness testified to the various items he had considered in making his judgment that the difference in before and after values equalled $5500. Appellant's counsel then moved that the entire testimony of the witness be stricken. The trial court overruled the motion, and this was correct. There was no showing that Newsome had "built up" his appraisal figures by use of these items—it was the effort at "breaking down" the figures which elicited this evidence. See Commonwealth of Ky., Dept. of Highways v. Adkins, Ky., 396 S.W.2d 768 (decided December 3, 1965), and Commonwealth of Ky., Dept. of Highways v. Shaw, Ky., 390 S.W.2d 163.

■ The claimed incompetent evidence of which appellant complains had to do with the cross-examination of appellant's appraisal witness Hall. Counsel for appellee asked the witness whether he had appraised some nearby property at $5800. Then appellant's counsel injected the statement that the owner of the nearby land had settled at the appraisement of the witness. There was no error here of which appellant may complain. It was proper to show that the witness had *appraised* similar nearby land—this does not run afoul of the rule against showing the price paid for other *condemned* property. Cf. Commonwealth of Ky., Dept. of Highways v. Evans, Ky., 361 S.W.2d 766, 769, 770.

■ The final attack upon the judgment relates to a statement made by the trial court anent one of appellee's appraisal witnesses. The witness, Field May, testified that he was more than sixty years of age, that he had engaged in "building and constructing and the real estate business" for about twenty or twenty-five years; that he had "bought property all the way from Prestonsburg into Pikeville." He related that he knew the subject property, and had purchased a similar tract not long before the trial. Upon cross examination the witness became somewhat confused—then appellant's counsel began to interrogate him as to the various items he had considered, when appellee's counsel interjected:

"Object, he's trying to break down * * *."

Judge Lowe: "Sustained."

Mr. Tackett: (Counsel for appellant) "Object to the attorney for the defendant testifying in open court. If he has a statement to make I would like for it to be made in chambers."

Judge Lowe: "The court will take judicial knowledge this man is qualified to appraise real estate and give us testimony on it."

Mr. Tackett: "And object to the statement of the court just made, and ask that the swearing of the jury be set aside, and the case continued generally."

Judge Lowe: "Overruled."

The statement of the trial court was ill advised and erroneous, but we are not persuaded that it was of such significance as to warrant a reversal. CR 61.01. The witness

had testified to experience sufficient to qualify him as an "expert" on real estate values in the area. The true import of the court's remark was that it was the court's opinion that the witness was so qualified. In view of the fact that the witnesses or the appellant testified to the same before value as did Mr. May, it is difficult to discern any basis for appellant's complaint here. Upon the entire record, it is our conclusion that the error was harmless.

The judgment is affirmed.